IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN L. PHILLIPS, SR.,

Plaintiff,

OPINION AND ORDER

v.

26-cv-408-wmc

CO II LEWIS, SGT. BIGNELL, and
CAPT. JOHNSON,

Defendants.

---

Plaintiff John L. Phillips, Sr., is a patient who has been civilly committed as a sexually violent person under Chapter 980 of the Wisconsin Statutes and is confined at the Sand Ridge Secured Treatment Center in Mauston, Wisconsin. Representing himself, Phillips has filed a complaint alleging that three officials at Sand Ridge have denied him items of personal property, consisting of 25 pages that were part of his "criminal discovery" in Brown County Case No. 10CF248. Because plaintiff is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Because plaintiff fails to state a claim under this lenient standard, the complaint will be DISMISSED with leave to amend for the reasons set forth below.

## OPINION

Plaintiff's claims are actionable, if at all, under 42 U.S.C. § 1983, which requires a plaintiff to show that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Here, plaintiff alleges that defendants have wrongfully denied him 25 pages of discovery materials from Brown County Case No. 10CF248,[1] and that he has been prejudiced as a result because he is "trying to get back in court."

The court construes the complaint to implicate a prisoner's right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) (finding that prisoners have a fundamental, constitutional right to meaningful access to courts to challenge violations of constitutional rights), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). To state a claim based on denial of access to the courts, a plaintiff must allege that "he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement." *DeBauche v. Wisconsin Dep't of Corr.*, No. 17-cv-454-wmc, 2021 WL 2860983, at *3 (W.D. Wis. July 8, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 353-55

[1] Public records show that plaintiff was found guilty following a jury trial in Brown County Case No. 10CF248 of battery or threat to a judge and misappropriating personal identification to avoid a penalty. Phillips has previous convictions for second degree sexual assault of a child in Brown County Case No. 00CF969 and multiple counts of possessing child pornography in Brown County Case No. 03CF637. Courts may take judicial notice of the state court records. *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (citing *Ewell v. Tony*, 853 F.3d 911, 917 (7th Cir. 2017)) (state court proceedings are a proper subject of judicial notice).

(1996)). Moreover, the injury must be a specific hinderance related to a lawsuit. *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017). Speculative, future harm is not sufficient. *Marshall v. Knight*, 445 F.3d 965, 969-70 (7th Cir. 2006). A plaintiff must connect the defendants' conduct with his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). This requires plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Plaintiff's complaint is sparse, consisting of little over one page. Plaintiff neither describes the discovery materials he has been denied nor identifies a non-frivolous claim that he has been unable to assert. Thus, plaintiff falls far short of stating a claim. As a result, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(b).

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, the court will dismiss the complaint, but will give plaintiff 30 days to file an amended complaint against the defendants, if he wishes to do so. Plaintiff is strongly encouraged to use a court approved form, which can be obtained from the clerk's office. If plaintiff submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2)(B).

ORDER

IT IS ORDERED THAT:

1) The complaint filed by plaintiff John L. Phillips Sr. is DISMISSED without prejudice for failure to state a claim.

2) Plaintiff has until December 10, 2026, to file an amended complaint on a court approved form. If plaintiff does not file an amended complaint by that date, this case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

3) The clerk's office is directed to provide plaintiff with a form complaint for use by non-prisoners or, alternatively, plaintiff may use any similar form available at his facility.

Entered this 10th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge